**HALE et al. v. ROBINSON et ux.**

**No. 3365.**

Court of Civil Appeals of Texas. Beaumont.

Oct. 15, 1938.

Joseph W. Hale, of Waco, for appellants.

W. H. Betts, of Hempstead, for appellees.

O'QUINN, Justice.

This is an appeal from an order overruling a plea of privilege. W. C. Robinson and his wife, Annie Robinson, brought this suit in the district court of Waller County against P. L. Hale and E. L. Boynton to recover damages for injuries alleged to have been suffered by them growing out of an automobile collision occurring in Waller County. Plaintiffs' petition was sufficient on which to base the suit. Among other things it was alleged that while plaintiffs were driving their car on and over State Highway No. 6 north of Hempstead in Waller County, in a lawful manner, going north, a truck belonging to defendants and operated by their servant and employee, Dewey Hammond, travelling south on said highway, ran into their automobile with great force and violence, causing the injuries for which the damages were sought. They alleged that the truck was being operated by the servant of defendant in the course of his employment, and that said truck was being operated at a dangerous, unlawful and reckless rate of speed, and on the right-hand side of the highway, in violation of law, and that while so operated said truck, in trying to pass plaintiffs' car, collided with same, to their great injury. Damages were sought in the sum of $2,000 to W. C. Robinson, and $2,000 to Annie Robinson, and for medical attention, medicine, etc., to Mrs. Robinson, the sum of $113.55, and for medical attention to W. C. Robinson, damage to his car, etc., $339.

P. L. Hale and E. L. Boynton each filed his plea of privilege to be sued in the county of his residence, alleged to be Coryell County. The pleas of privilege were in proper form. Plaintiffs filed their controverting affidavits against each of the pleas, in which they substantially replead all of the fact allegations against the defendants, and then specially plead all of the grounds of negligence originally alleged, and asserted venue in Waller County because of the active and positive negligent acts of the driver of the truck which they alleged constituted a trespass upon them in Waller County, as allowed and provided by Sec. 9 of Art. 1995, R.S.1925.

Hearing of the pleas of privilege and controverting affidavits was duly set for hearing and was tried to a jury upon special issues in response to which the jury found (a) that the truck immediately before and at the time of the collision was being driven at a rate of speed in excess of 40 miles per hour, which was negligence and a proximate cause of the collision and the injuries and damages suffered by plaintiffs; (b) that in attempting to pass the car in which plaintiffs were riding, the driver of the truck drove the second wheel of the truck on the right-hand side of the center-line of the highway, and that this was negligence and proximate cause of the injuries and damage complained of by the plaintiffs; (c) that Boynton was not the owner of the truck; (d) that Dewey Hammond, the driver of the truck, was not an employee of Boynton; (e) that Hale was the owner of the truck; and (f) that Dewey Hammond, the driver of the truck, was an employee of Hale.

Defendant Hale filed motion for verdict in his favor non obstante veredicto because the answers of the jury finding that the truck was being operated at more than 40 miles an hour, and that in trying to pass the car of plaintiffs the driver of the truck drove the second wheel of the truck on the right-hand side of the middle line of the highway, and that each of these acts was negligence and the proximate cause of the collision and the injuries suffered by plaintiffs, were without sufficient evidence to support said findings and were against the great weight of the evidence. Also because the finding of the jury that he was the owner of the truck and the employer of its driver was not supported by the evidence, and was against the great weight of the evidence. This motion was overruled.

Defendant Boynton also filed motion for a judgment in his favor based upon the same grounds as the Hale motion. This motion was also overruled and he assigns errors same as appellant Hale.

The defendants offered no evidence. Plaintiff, W. C. Robinson, testified as to the happening of the collision, and the injuries sustained. He was a stranger in

844

the community—did not know the driver of the truck. He did not testify as to the owner of the truck, nor as to who employed the driver. The driver of the truck was not a witness. Among other witnesses, plaintiffs placed defendant Hale on the stand. We gather from the record that the purpose of so doing was to prove that he was the owner of the truck and that the driver was his employee. He testified positively that he did not own the truck and that the driver was not his employee. He testified that as he understood the truck belonged to defendant Boynton and that the driver of the truck was an employee of Boynton. The jury found that Boynton was not the owner of the truck and that the driver was not his employee. The record discloses that a charge of reckless driving was made against the driver to which he plead guilty, and in paying his fine and costs he gave a check for a small sum on defendant Hale, which he, Hale, paid. Hale testified that Boynton came to him and told him about the collision and that Hammond, the driver of the truck, had plead guilty of the charge of reckless driving and requested him (Hale) to pay the check, and refunded to him the money.

As before stated, neither Boynton nor the driver of the truck testified. We think the assignments must be sustained. The evidence is not sufficient to support the jury's finding. The judgment is accordingly reversed, and the cause remanded for another trial.